IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Joseph Long,

              Plaintiff,

    v.

Bhaviesh Shah, et al.,

             Defendants.

NO. C04-1629 TEH

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

Defendant has filed a motion under Federal Rule of Civil Procedure 12(b)(6) moving the Court to dismiss Plaintiff's claims against two of the Defendants, Dr. Michael Songer and Dr. Daniel Thor. Defendant argues that these doctors did not directly participate in the constitutional violations that Plaintiff alleges, and that relief is therefore unavailable under section 1983.  42 U.S.C. § 1983.  Plaintiff responds by arguing Defendant's motion should be denied because it is untimely, and because Plaintiff does sufficiently allege that Defendants personally participated in the constitutional violations Plaintiff suffered. Defendant noticed the motion to be argued on May 2, 2005.  However, the Court finds that the issue presented has been adequately briefed and that no further argument would be of assistance to the Court. Therefore, the hearing is VACATED.

## LEGAL STANDARD

Dismissal is appropriate under either Rule 12(b)(6) or Rule 12(c) when a plaintiff's allegations fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 12(c).  The Court must accept as true the factual allegations of the complaint and indulge all reasonable inferences to be drawn from them, construing the complaint in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE.§§ 1357, 1368 (3d e.d 2004).

The Court must construe the complaint liberally, and dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir. 1998); Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997); 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## DISCUSSION

**Timeliness of 12(b)(6) Motion**

A motion under Rule 12(b) "shall be made before pleading if a further pleading is permitted." Fed. R. Civ. P. 12(b). Defendant was mistaken to file a Rule 12(b) motion after filing an answer. However, Rule 12(h) provides that the defense that the complaint fails to state a claim upon which relief can be granted can be raised as motion for judgment on the pleadings, Fed. R. Civ. P. 12(c), and such a motion is only precluded if the pleadings by any party are not yet closed. Id. Where a party incorrectly files a Rule 12(b)(6) motion that could have been filed as a Rule 12(c) motion, the Ninth Circuit has found no abuse of discretion in construing the motion as a Rule 12(c) motion, Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam), and the Second Circuit has recently stated that to do so is appropriate. See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The pleadings are closed, and the Court therefore will construe the motion under Rule 12(c) rather than Rule 12(b)(6).

**Supervisorial Liability**

Plaintiff's Complaint alleges that both Dr. Songer and Dr. Thor, Health Care Managers respectively at Wasco State Prison and Salinas Valley State Prison, "failed to adequately put in place procedures so that plaintiff would receive minimally adequate medical care." Complaint ¶¶ 8, 10. The complaint further alleges that the doctors "knew that the system . . . was failing to ensure that prisoners referred to specialists would see specialists on a timely basis and that failure was injuring prisoners." Id. (emphasis added).

Defendant argues that these allegations cannot state a claim under section 1983 because they amount to a theory of respondeat superior, and there is no respondeat superior liability under section 1983.

2

Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). In response to Defendant's motion to dismiss, Plaintiffs rely on Redman v. County of San Diego, 942 F.2d 1435 (9th Cir. 1991), which concluded that the implementation of deficient policies by a supervisor can amount to direct participation in a constitutional violation. Id. at 1446. Plaintiffs also place particular emphasis on the Redman court's statement that:

> The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.

Id. at 1447 (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)) (emphasis added).

Since Redman, the Supreme Court has made clear that a claim of deliberate indifference made by a prisoner against a prison official must show subjective recklessness and not mere gross negligence. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A valid claim must allege that the prison official "consciously disregards a substantial risk." See id. at 839 (embracing the Model Penal Code's definition of recklessness for the mens rea of "deliberate indifference"); see also LW v. Grubb, 92 F.3d 894, 897 (9th Cir. 1996) (disapproving the discussion of mens rea in Redman). The Supreme Court's clarification of the mens rea requirement for deliberate indifference, however, does not alter Redman's conclusion that a supervisor may be found liable for inadequate supervision or the implementation of deficient policies. See McGrath v. Scott, 250 F. Supp. 1218, 1226 (D. Ariz. 2003).

Here, the Complaint alleges that the doctors failed to put in place procedures that would not injure prisoners, and that the doctors had knowledge of this fact. This states a cause of action under section 1983 for which relief can be granted.

**CONCLUSION**

For the foregoing reasons, with good cause appearing, the motion to dismiss is DENIED. Additionally, at the parties' request, the Court has vacated the current trial date. The parties shall attend a Case Management Conference on June 20, 2005 at 1:30 p.m. where a new trial date, and all related pre-trial dates, will be set. A joint case management conference statement shall be filed at least one week prior to the conference, and shall include a proposed trial date in December 2005.

**IT IS SO ORDERED.**

DATED  4/28/05

/s/
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT